IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BDK AUTO SALES, INC., d/b/a )
EXPRESS AUTO SUPER CENTER, )
                                                                   )
        Plaintiff, )
                                                                   )
v. )   CIVIL ACTION NO. 03-JEO-2470-S
                                                                   )
SUPERIOR AUTOMOTIVE )
MARKETING, INC., )
                                                                   )
        Defendant. )

**ENTERED**

**DEC - 9 2003**

## MEMORANDUM OPINION

       The plaintiff, BDK Auto Sales, Inc. ("the plaintiff" or "BDK"), filed this action seeking a declaratory judgment and bringing claims for breach of contract, fraud, and misrepresentation premised upon contracts it had with the defendant, Superior Automotive Marketing, Inc. ("the defendant," "Superior" or "S.A.M."), for Superior to provide services at certain special program sales events at the plaintiff's Express Auto Super Center ("Express") in Birmingham, Alabama. The defendant has filed a motion for a change of venue to the United States District Court for the Southern District of Florida. (Doc. 5). The motion is premised upon a "forum selection clause" in the pertinent agreements executed by the parties. The parties have been afforded an opportunity to brief the issues. Upon consideration, the court finds that the motion is due to be granted.

### DISCUSSION

#### Background

       As just noted, the defendant's motion is premised on a forum selection provision in the relevant marketing agreements executed by the parties. It provides as follows:

>  4. CLIENT'S DUTIES: Client agrees to cooperate with and assist S.A.M. in the implementation of the sales promotion as follows:
>
>  . . . .
>
>  The parties agree that Florida law shall govern the terms of this agreement and the venue for the resolution of any disputes arising out of this agreement, or the promotion shall be St. Lucie Cty, Fl.

(Agreement at ¶ 4.b.4.). The defendant asserts that the United States Supreme Court, the Alabama Supreme Court, and the Florida Supreme Court have upheld the enforceability of forum selection clauses. (Doc. 5 at 2 (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972); *Professional Insurance Corp. v. Sutherland*, 700 So. 2d 347, 351 (Ala. 1997), and *Mazzoni v. E.I. DuPont De Nemours and Company*, 761 So. 2d 306, 311 (Fla. 2000))).

The plaintiff responds that venue is proper in this District pursuant to 28 U.S.C. § 1391(a)[1] in that jurisdiction is founded on the diversity of the parties and the fact that the plaintiff is located in this District. (Doc. 7 at 1). Additionally, the plaintiff states that the contract was entered into and performed in this District. (*Id.*). The plaintiff further states that Superior has failed to provide the court with any basis for finding performance in Florida. (*Id.*).

The complaint alleges that the defendant sent individuals pursuant to the disputed agreements to Birmingham, Alabama, on two occasions to perform as sales representatives at used car tent sales. According to the plaintiff, "[t]he only alleged performance which occurred in

---

[1] Section 1391(a) provides:

>  A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. . . , or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

2

the State of Florida was the 'training of employees, planning, development and sale strategy of the promotion,'" which the plaintiff asserts was fraudulent in that the purported activities never occurred. (Doc. 7 at 2).

In deciding the present motion, the court begins with the rule stated in *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 32, 108 S. Ct. 2239, 2245, 56 L. Ed. 2d 4659 (1988), "that federal law, specifically 28 U.S.C. § 1404(a),[2] governs the District Court's decision whether to give effect to the parties' forum-selection clause." The Supreme Court in *Stewart* also stated that "[t]he presence of a forum-selection clause such as the parties entered into in this case will be a significant factor that figures centrally in the district court's calculus" whether to transfer a case.[3] *Stewart*, 487 U.S. at 29. However, the Court was also careful to direct that reviewing courts should also consider other variables such as the convenience of the witnesses "and those public-interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of 'the interest of justice.'" *Stewart*, 487 U.S. at 30.

At the outset, the court begins with the expressed intention of the parties at the time the agreements were executed that St. Lucie, Florida, was the intended situs for any litigation. In contravention of this beginning point, the plaintiff argues that the agreements are void because they violate Alabama law in that the defendant failed to qualify to do business in the State of

---

[2] Section 1404(a) of Title 28 of the United States Code provides:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).

[3] The Court later stated, "The forum-selection clause, which represents the parties' agreement as to the most proper forum, should receive neither dispositive consideration (as respondent might have it) nor no consideration (as Alabama law might have it), but rather the consideration for which Congress provided in § 1404(a). *Cf. Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S. Ct. 544, 546, 99 L. Ed. 789 (1955) (§ 1404(a) accords broad discretion to district court, and plaintiff's choice of forum is only one relevant factor for its consideration)." *Stewart*, 487 U.S. at 31.

Alabama before entering into the present transactions. The defendant counters that the applicable statute does not preclude the transfer of this action for various reasons, including that (1) the relevant statute "clearly contemplates actions in which the foreign corporation was seeking to use Alabama courts and Alabama law to enforce a contract that concerns business that is intrastate to Alabama;" (2) even if the statute is applicable, the statute does not preclude the transfer of this matter; (3) the Commerce Clause of the United States Constitution precludes application of the statute in this case; and, (4) the equities warrant a transfer of this action. (Doc. 10). The plaintiff retorts that the statute is applicable because (1) the defendant made a demand for payments under the contracts; (2) the contracts were induced by fraud; (3) the Commerce Clause does not preclude use of the statute because the contracts were accepted here and, for the most part, performed here; and, (4) the defendant has "unclean hands" as a result of the fraud and alleged breach. (Doc. 9).

## Analysis

In *Hughes Associates, Inc. v. Printed Circuit Corp.*, 631 F. Supp. 851, 854-55 (N.D. Ala. 1986), the court stated as follows:

> In contract actions the existing general rule of law in Alabama with regards to conflict of laws is that of "lex loci contractus." That doctrine simply states that the contract is governed as to validity, interpretation, and obligation by the law of the place where it is made. *Western Union Telegraph Co. v. Favish*, 196 Ala. 4, 71 So. 183 (1916). This is still the general rule of law in Alabama today. *Fleming v. Pan Am. Fire & Cas. Co.*, 495 F.2d 535 (5th Cir. 1974); *United States Fidelity & Guar. Co. v. Slifkin*, 200 F. Supp. 563 (N.D. Ala. 1961); *Macey v. Crum*, 249 Ala. 249, 30 So. 2d 666 (1947); *J.R. Watkins Co. v. Hill*, 214 Ala. 507, 108 So. 244 (1926). Under this general rule the laws of Alabama would arguably apply as the acceptance of the contract occurred in Alabama. However the "lex loci" rule applies except where the parties clearly appear to have legally contracted with reference to the laws of another jurisdiction (emphasis added). *J.R. Watkins*, at 509. Therefore under the prevailing and traditional rule of law in Alabama, the laws of Massachusetts should govern this action as the parties have

manifested an intention by the terms of the contract that Massachusetts law should govern.

Accordingly, the relevant question is whether the forum-selection clause in the present contracts requires that this action be transferred.

The applicable statute, ALABAMA CODE § 10-2B-15.02, provides:

**Consequences of transacting business without authority.**

(a) A foreign corporation transacting business in this state without a certificate of authority or without complying with Chapter 14A of Title 40 may not maintain a proceeding in this state without a certificate of authority. All contracts or agreements made or entered into in this state by foreign corporations prior to obtaining a certificate of authority to transact business in this state shall be held void at the action of the foreign corporation or by any person claiming through or under the foreign corporation by virtue of the contract or agreement; but nothing in this section shall abrogate the equitable rule that he who seeks equity must do equity.

ALA. CODE § 10-2B-15.02. Discussing the predecessor to this statute, United States District Judge E. B. Haltom stated:

Stated simply, § 10-2A-247(a) prevents a nonqualified foreign corporation from enforcing its contracts in the courts of Alabama. *Boles v. Midland Guardian Co.*, 410 So. 2d 82 (Ala. Cir. App. 1982). Were this merely the case here, PCC would be estopped from asserting their counterclaim. However, the Alabama qualification statute is penal in nature and in derrogation of the common law; therefore it should be strictly construed. *Aim Leasing Corp. v. Helicopter Medical Evaluation, Inc.*, 687 F.2d 354 (11th Cir. 1982); *First Bank of Russell County v. Wells*, 358 So. 2d 435, 437 (Ala. 1978); *Linton & Co., Inc. v. Robert Reed Engineers, Inc.*, 504 F. Supp. 1169, 1173 (M.D. Ala.), *aff'd*, 664 F.2d 295 (11th Cir. 1981). This strict construction however does not change the rule that when a nonqualified foreign corporation "does business" in Alabama, that corporation cannot enforce a contract in Alabama courts. *Calvert Iron Works, Inc. v. Algernon Blair, Inc.*, 284 Ala. 655, 227 So. 2d 424 (1969); *Birmingham Term. Assocs. v. United Produce & Prods. Equip. Co.*, 289 Ala. 80, 265 So. 2d 863 (1972); *C & C Prods., Inc. v. Premier Indus. Corp.*, 290 Ala. 179, 275 So. 2d 124 (1972). This doctrine is also applicable in diversity cases in federal court. *M & R Construction v. National Homes Corp.*, 286 F.2d 638 (5th Cir. 1961); *Advance Industrial Security v. William J. Burns International Detective Agency*, 377 F.2d 236 (5th Cir. 1967).

5

>However an exception to this rule exists for foreign corporations engaged in interstate commerce even though not qualified to do business in Alabama. Such interstate corporations are welcome to use the courts of Alabama to enforce their contracts. *See, Carbon Processing Company v. Lapeyrouse Grain Corp.*, 779 F.2d 1541 (11th Cir. 1986); *Sanjay v. Duncan Construction Co.*, 445 So. 2d 876, 880 (Ala. 1984); *Kentucky Galvanizing Co. v. Continental Gas Co.*, 335 So. 2d 649 (Ala. 1976); *First Investment Co. v. McLeod*, 363 So. 2d 774 (Ala. Cir. App. 1978). Thus, the question becomes whether the defendant is sufficiently engaged in interstate commerce to be exempt from the Alabama nonqualified corporation statute.

*Hughes Associates*, 631 F. Supp. at 858-59.

Although the defendant arguably would be precluded from suing on the contracts in the Alabama courts to enforce the same as it did not properly qualify to do business in Alabama, the contracts are not void as argued by the plaintiff because the defendant is not bringing an action in the Alabama courts.[4] To the contrary, the defendant is seeking to have this action transferred to the forum specified in the contracts after the plaintiff initiated this action. Construing the statute strictly as the court is required to do under the circumstances, it cannot afford it the broad interpretation argued by the plaintiff. To do so would be contrary to the settled tenant that penal statutes such as this one are to be strictly construed. *See Aim Leasing Corp.*, 687 F.2d at 358.

Additionally, the court finds that the defendant is sufficiently engaged in interstate commerce to obviate the application of the non-qualification statute in the present case. The contracts at issue, at least as this court can discern at this juncture, are part of the defendant's business of providing services and personnel for promoting car sales programs for automobile dealerships in various places around the country. The affidavits of Stanley J. Walvick and Robert T. Bartnick demonstrate that the defendant was involved in sales in Melbourne, Florida;

---

[4] This premise requires the court to assume, for the sake of argument, that the defendant is not involved in interstate commerce.

6

Birmingham, Alabama; and South Carolina.[5] The affidavits of Andrew Horner and Truncale also demonstrate that they traveled from outside the State of Alabama to Birmingham, Alabama, to participate in the sales at issue.[6] (Horner Aff.).[7] The court cannot conclude that the disputed transactions were intrastate transactions that would preclude application of the Commerce Clause exception.

With regard to the other transfer considerations under § 1404, including the convenience to witnesses, the court finds that the record reflects that the plaintiff is incorporated in Alabama and has its principal place of business in Birmingham, Alabama. The defendant is incorporated in Florida and has its principal place of business there. The affidavits of Horner, Bartnick, and Truncale fail to demonstrate where they presently reside.[8] It also appears that the corporate representatives of Superior are in Florida and the corporate representatives of BDK are located in this District. Under the circumstances, the court is unwilling to find that the potential witnesses to this action will be so inconvenienced by the transfer that this factor weighs in favor of denying the motion.

With regard to the consideration of "systemic integrity and fairness" that comes under the heading of the "interest of justice," the plaintiff argues that granting the motion would be

---

[5] Bartnick and Truncale's affidavits are attached as exhibits to the plaintiff's response to the motion for a change of venue. (Doc. 7).

[6] There is a dispute between the parties as to whether the sales people that were sent to Birmingham were specially trained at all and, if there was any training, whether it occurred in Florida. (*See* Walvick Aff. at ¶ 7; Horner Aff. at 2; Bartnick Aff. at 3). That dispute does not preclude this transfer under the facts before the court.

[7] Horner's affidavit is attached as an exhibit to the plaintiff's response to the motion for a change of venue. (Doc. 7).

[8] Walvick's affidavit, however, states that Horner resided in Florida at the time the contracts were entered into. (Walvick Aff. at ¶ 2).

7

inappropriate in light of the defendant's failure to comply with Alabama law.[9] The court disagrees. By transferring this case to the Southern District of Florida, the court is merely acknowledging what the parties should have anticipated in the event of a dispute concerning these contracts. That is, that this dispute is due to be resolved in Florida. The facts do not warrant a contrary conclusion. In so finding, the court notes that a foreign corporation that fails to comply with applicable Alabama law does so at its peril. However, in this instance, the relevant considerations require this court to find that the language of the applicable statute does not preclude a transfer of this action.

Lastly, with regard to the plaintiff's argument that the defendant's fraudulent conduct precludes a transfer of this matter (doc. 9 at 4-5), the court again finds otherwise. The Supreme Court in *M/S Bremen*, 407 U.S. at 15, 92 S. Ct. at 1916, stated that forum-selection clauses are generally enforced absent a strong showing "that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as 'fraud or overreaching.'" The plaintiff does not argue that there was "fraud or overreaching" with regard to the forum-selection clause itself, but instead argues that the fraud and misrepresentations concern the contracts as a whole. Absent evidence of fraud in the execution of the forum-selection clauses at issue, the court finds that the United States District Court in the Southern District of Florida is the appropriate jurisdiction for resolution of the substantive issues in this matter. To find otherwise "would only encourage parties to violate their contractual obligations, the integrity of which are vital to our judicial system." *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989).

---

[9] To the extent that the defendant argues that the plaintiff has unclean hands as a result of the alleged breach of the contract, the court specifically makes no determination as to the merits of that assertion.

## CONCLUSION

Accordingly, this case is due to be transferred to the United States District Court for the Southern District of Florida pursuant to the provisions of 28 U.S.C. § 1404(d).

An appropriate order will be entered.

**DONE**, this the _8th_ day of December, 2003.

_____
**JOHN E. OTT**
United States Magistrate Judge